UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) ) ) v. ) ) ) ANTHONY TYRONE DARDEN, ) ) Defendant. ) ) | Case No.: 4:07-cr-120 |

## OPINION AND ORDER

This matter comes before the Court on the United States of America's ("the Government") Motion for Detention (ECF No. 15). Therein, the Government seeks the detention of the Defendant Anthony Tyrone Darden ("the Defendant") pending resolution of a Petition for Supervised Release dated April 10, 2018.

By way of brief background, on September 19, 2008, the Defendant was sentenced to a term of incarceration to be followed by three years of supervision. The Defendant's term of supervised release began on April 20, 2015. On or about April 6, 2018, the Defendant's probation officer submitted a Petition on Supervised Release, which was entered by the Court on April 10, 2018 alleging that the Defendant violated the terms and conditions of his release. The Defendant is alleged to have violated the mandatory condition prohibiting the commission of any federal, state or local offense by virtue of his being charged with two felony and two misdemeanor offenses arising out of an alleged domestic violence incident that occurred on March 20, 2018 involving the Defendant's ex-girlfriend (and mother of his three minor

children.)[1] The Defendant is also alleged to have violated the condition that he abstain from the use of marijuana pursuant to his voluntary oral admission of such use to his probation officer.

On April 10, 2018, following presentation of the Petition on Supervised Release, an arrest warrant was issued for the Defendant. The Defendant's probation officer contacted the Defendant and directed him to turn himself in on Monday, April 16, 2018. Defendant complied with the probation officer's instruction and on April 16, 2018, the Defendant appeared in custody with his attorney, Rodolfo Cejas, Assistant Federal Public Defender, before the undersigned for an initial appearance on the Petition for Supervised Release Revocation. The Government was represented by Andrew Bosse, Assistant United States Attorney. The Court was advised that the Newport News Police Department had outstanding arrest warrants for the Defendant arising out of the March 20, 2018 incident involving the Defendant's ex-girlfriend. Notwithstanding the existence of the unexecuted state arrest warrants, the Government did not move for detention at this initial appearance. Instead, the Government advised that it was amenable to the Defendant's release on bond so long as the Defendant surrendered to the Newport News court on the outstanding warrants obtained by the Newport News Police. Consequently, the Court ordered Defendant's release with the requested condition.

A representative from the United States Marshal's Office ("the USM") was recognized by the Court and she advised that prior to releasing a defendant on bond who has outstanding warrants from other agencies/jurisdictions, the USM is required to contact the other agency/agencies to determine whether they will elect to obtain custody of the defendant from the USM or if the USM are free to release him or her. Based on that information, and with no objection from Mr. Cejas, the Court set a conditional bond, such that the USM would give the

---

[1] A fulsome discussion of the facts and circumstances surrounding this March 20, 2018 incident is provided in the Court's May 4, 2018 Order finding probable cause to support the allegations in the Petition. *See* ECF No. 81.

2

Newport News Police Department the opportunity to take custody of the Defendant, and if they declined such offer, then the Defendant would be released on a bond with conditions, including the requirement that he surrender on the warrants by April 20, 2018. Contrary to earlier representations that the Newport News Police were not willing to pick up Defendant on the outstanding warrants, when the USM contacted the Newport News Police, they did agree to pick up the Defendant, and he was released to that authority, who subsequently ordered him held without bond on the state charges.

On April 30, 2018, two weeks after the Court ordered the Defendant's release on bond, the Government filed a Motion for Detention (ECF No. 79), seeking the Defendant's detention. The matter was set in for a preliminary hearing and detention hearing. On May 3, 2018, the Defendant appeared with counsel Amanda Conner, Assistant Federal Public Defender ("Ms. Conner") and Dee Sterling, Assistant United States Attorney ("Ms. Sterling") appeared on behalf of the Government. The Court began with the preliminary hearing at which time the Government called the Defendant's probation officer as its only witness. Upon consideration of the testimony of the Defendant's probation officer, as well as the proffers and arguments of counsel, and the contents of the Petition, the Court found sufficient probable cause to believe that the Defendant violated the conditions of his supervised release as stated in the Petition. The Court's findings were memorialized in a separate Order. *See* ECF No. 81. The Court next considered the Government's Motion for Detention (ECF No. 79), which is the subject of the instant Opinion and Order.

Under the Bail Reform Act, a detention hearing "shall be held immediately upon the [Defendant's] first appearance before the judicial officer unless that person, or the attorney for the government, seeks a continuance." 18 U.S.C. § 3142(f). The requirement that a detention

hearing be held upon the defendant's first appearance, unless either he or the government seeks a continuance, is known as "the first appearance rule." *United States v. Holloway*, 781 F.2d 124 (8th Cir. 1986). In *Holloway*, the Government agreed not to seek detention and to release conditions which required defendant to post a $250,000 bond. Once it became apparent that defendant could meet the bond conditions, the Government moved for his detention. The Eighth Circuit considered the question:

> whether, under the Bail Reform Act of 1984, 18 U.S.C. § 3142, the government may request bail at the defendant's first appearance before a judicial officer, then change its mind and request detention at a subsequent appearance before that same officer when the only evidence to come to light during the interim is that the defendant has a greater net worth than originally supposed.

781 F.2d at 124. Answering the question in the negative, the court held that the plain reading of the statue required, in the absence of a continuance, a detention hearing be held at defendant's first appearance, not his second. *Id.* at 126.

Here, the Government did not move for detention at the Defendant's initial appearance on April 16, 2018, and did not seek a continuance for such a hearing, but instead advised that it was amenable to bond provided the Defendant surrendered himself to Newport News authorities pursuant to the outstanding state warrants. Consequently, the Court ordered the Defendant's release with the requested condition. It was only two weeks later, on April 30, 2018, that the Government moved for the Defendant's detention. Under the "first appearance rule," however, the Government was required to move for detention at Defendant's initial appearance. *Holloway*, 781 F.2d at 126. Having failed to do so, the Government's Motion for Detention now is untimely.[2]

---

[2] The Government has not sought to revoke the Defendant's bond on the grounds that he has violated any of its conditions, and in fact could not do so since the Defendant is still in State custody and has not yet been released on this Court's Order of Release.

4

At the May 3rd hearing, the Government argued that a material change in circumstances necessitated it moving for detention at this juncture of the proceedings. Section § 3142(e)(2) provides that a hearing may be reopened at any time before trial if

> the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(e)(2). However, since there was never a detention hearing in the first place, there is no hearing to "reopen." Alternatively, if material new evidence regarding a defendant's risk of flight or danger to others or the community does come to light after a defendant's first appearance, a belated motion for detention might be considered under that circumstance. *See Holloway*, 781 F.2d at 128-29 ("We do not doubt that in the exceptional instance when a magistrate [judge] has made a decision to release and subsequently evidence comes to light which could not reasonably have been brought in at the first appearance, and that evidence indicates a strong likelihood that the defendant is a flight risk or a danger to the community, the magistrate [judge] or the district court would have the power to order detention under § 3142(e), regardless of the fact that the time for a § 3142(f) hearing had passed."). However, this avenue for the Government is also closed based on the absence of any such new information. At the May 3 hearing, the only change in circumstances proffered by the Government was its confirmation that Newport News did intend to prosecute the Defendant on the state felony charges. The Government proffered no new evidence which bore on Defendant's risk of flight or danger to the community which was not already presented in the Petition for Supervised Release or otherwise available at Defendant's first appearance. A state prosecutor's declaration of intended prosecution is hardly the type of new information or change in circumstances that

5

reflects on the Defendant's risk of flight or potential dangerousness to others or the community. Consequently, the Government's Motion for Detention, ECF No. 79, must be **DENIED**.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to the United States Attorney, the United States Marshal, the United States Probation Office, and counsel of record for the Defendant.

It is so **ORDERED**.

/s/ Lawrence R. Leonard
United States Magistrate Judge

Newport News, Virginia
May 4, 2018